FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 21  AM 7:43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM A. HOLIFIELD | CIVIL ACTION |
| VERSUS | NO: 04-3287 |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | SECTION: "A" (4) |

### REPORT AND RECOMMENDATION

The plaintiff, William Holifield, filed a **Petition for Attorney's Fees (doc. #19)**. The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation.

### I.  Background

On December 2, 2004, Holifield filed an application for Supplemental Social Security Income Benefits under Title XVI of the Act, 42 U.S.C. § 1381. After proceeding through the administrative phase and seeking relief in this court, the defendant filed a motion to remand because the Commissioner needed to consider additional evidence regarding Holifield's disability.

Now Holifield seeks an award of attorneys fees because he is the prevailing party in the litigation rendering him eligible to receive Equal Access to Justice Act ("EAJA") fees pursuant to 28 U.S.C. § 2412(d). He seeks recovery of the fees incurred in connection with his appeal of the unfavorable decision of the Commissioner. In support of his application, Holifield submitted an

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

affidavit from his counsel, Paul Brian Spurlock, detailing the time spent and the work done in representing him. Specifically, Holifield seeks recovery of $3,939.00. This figure represents 25.25 hours at Spurlock's hourly rate of $156.00 rather than the maximum statutory hourly rate of $125.00 per hour.

## II.  Scope of Recoverable EAJA Fees

The EAJA, Title 28 U.S.C. § 2412(d)(1)(a) provides that:

> "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in *any civil action*...including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

There is no dispute that Holifield was the prevailing party or that his application for fees was timely.[1] There is also no dispute as to whether the defendant's position was substantially justified or that special circumstances make an award of fees unjust. The only issue is the amount to be awarded. Having determined that Holifield is entitled to attorney's fees under the EAJA, the Court must determine what amount of fees would be considered reasonable.

## III.  Reasonable Hourly Rate

First, the Court must determine the appropriate hourly rate. The hourly rate for EAJA fees is set forth in Title 28 U.S.C. § 2412(d)(2)(A), which states that reasonable attorneys fees:

---

[1] In *Shalala v. Schaefer*, the Supreme Court stated that "a party who wins a sentence four remand order is a prevailing party" under the EAJA. 509 U.S. 292, 302 (1993). The Court reasoned that "[o]btaining a sentence four judgment reversing the . . . denial of benefits certainly meets th[e] description" of a plaintiff who has "'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . . sought in bringing suit.'" *Id.* (citation omitted). Plaintiff is entitled to attorney's fees as a prevailing party because he received a remand order from the district court under sentence four of § 405(g). *See id.*

> shall be based upon prevailing market rates for the kind and quality of the services furnished . . . except that . . . attorneys fees shall not be awarded in excess of $125 per hour *unless the court determines that an increase in the cost of living* or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, *justifies a higher fee.*[2]

28 U.S.C. § 2412(d)(2)(A) (emphasis added). Thus, the plain language of the statute establishes a two-step analysis for determining the appropriate hourly rate for calculating attorney's fees under the Act. *See Clevenger v. Chater*, 977 F.Supp. 776, 780-81 (M.D. La. 1997) (outlining two-step analysis for determining appropriate hourly rate under EAJA). Under this analysis, the Court first determines the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The second step, which is needed only if the market rate is greater than $125.00 per hour, is determining whether the Court should adjust the hourly fee upward from $125.00 to take into account an increase in the cost of living, or a special factor. *Clevenger*, 977 F.Supp. at 781. The Court will address each step in turn.

The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work. *Blum v Stenson*, 465 U.S. 886, 896 n.11 (1984). However, the affidavit must also speak to rates actually billed and paid in similar lawsuits. *Id.* Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 n. 15 (1983).

---

[2]The EAJA was amended in 1996 to increase the maximum statutory rate from $75 to $125 per hour. 28 U.S.C. § 2412. That amendment applies to civil actions, such as this, commenced on or after its effective date of March 29, 1996. *Id. See also, Adams v. Chater*, 914 F.Supp. 1365, 1369 (E.D. La. 1995).

3

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight given the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breath of the sample of which the expert has knowledge. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

The court concludes that the rate of $125.00 is reasonable. *See Gardner v. Social Security Administration*, No.CIV.A.00-2848 2001 WL 1537722, *3 (E.D.La. Nov. 30, 2001).

## IV.    Hours Reasonably Expended on Litigation

The Court next determines whether the 25.25 hours of judicial time were reasonably expended on the litigation. It is well established that the fee applicant bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Applying the *Hensley* rationale, the Fifth Circuit observed that "the burden of proof of reasonableness of the number of hours is on the fee applicant and not on the opposing party to prove their unreasonableness." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987).

Counsel for the prevailing party should make a good faith effort "to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. In other words, the Supreme Court requires fee applicants to exercise "billing judgment." *Id.* at 437. This necessarily means that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. *Id.* at 434. The Court has considerable discretion in this area because of its familiarity with the case and the attorney's work. *See Associated Builders & Contractors, Inc. v. Orleans Parish*

*School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

In the instant case, the "Itemization of Time In Support of EAJA Fees" attached to Holifield's application can be readily grouped into eight general categories: review of file to determine viability of appeal (1.25); communications with client (1.50); preparation of pleadings (1.5); review of docket orders (1.25); preparation of brief (11.25); preparation and filing of plaintiff's Application for Award of Attorney's Fees (3.0), and communication with court and counsel (2.50).[3]

It is well established that fees may not be recovered for time spent on the administrative level prior to filing of the civil action in a district court. *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990). However, it is clearly within this Court's discretion to allow reasonable fees for preparation of the complaint and steps taken initiating the appeal. *O'Neal v. Shalala*, No.CIV.A. 93-3749, 1995 WL 317311, *1 (E.D. La. May 23, 1995); *Gitto v. Secretary of U.S. Dept. of Health & Human Services*, 637 F.Supp. 194, 196 (E.D. N.Y. 1986).

The Court, upon review of the bill, finds that the time charged is reasonable. Therefore, the total reasonable hours are 25.25 hours at a rate of $125.00 for a total of $3,156.25.

## V. Recommendation

For the reasons set forth herein, it is **RECOMMENDED** that the plaintiff's **Petition for Attorney's Fees (doc. # 19)** be **GRANTED** and that the plaintiff be awarded his reasonable attorney's fees in the amount of $ 3,156.25.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[3] See "Itemization of Time in Support of EAJA Fees" attached to Rec. Doc. No. 19.

5

appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of February 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE